### BARTON et al v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. August 2, 1920.)

No. 1797.

1. **Larceny** ☞64(1)—**Possession of stolen goods raises presumption of guilt.**
   The possession of recently stolen goods, unless otherwise explained, raises a presumption of guilt, which will authorize a conviction in event there are no circumstances to rebut the inferences.

2. **Internal revenue** ☞47—**Possession of an illicit still raises a presumption of guilt.**
   In a prosecution for violation of the internal revenue laws (Rev. St. §§ 3258, 3279, 3281 [Comp. St. §§ 5994, 6019, 6021]) the possession of an illicit still, which is unlawful property, the operation of which is also unlawful, will raise a presumption of guilt; hence a charge that, if defendants were caught at an illicit distillery, that was a suspicious circumstance, and would demand explanation, was proper.

3. **Internal revenue** ☞47—**Sufficiency of presumption from possession of illicit still is for the jury.**
   The question of the sufficiency of the presumption of guilt, from the fact that defendants were in possession of, or were at least apprehended at, an illicit still, is for the jury.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Gus Barton and Leo Barton were convicted of violation of Rev. St. §§ 3258, 3279, 3281 (Comp. St. §§ 5994, 6019, 6021), and they bring error. Affirmed.

P. A. Bonham, of Greenville, S. C. (Bonham & Price, of Greenville, S. C., on the brief), for plaintiffs in error.

J. William Thurmond, U. S. Atty., of Edgefield, S. C. (C. G. Wyche, Asst. U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. The plaintiffs in error, defendants below, were indicted in the District Court of the United States for the Western District of South Carolina for a violation of sections 3258, 3279, and 3281, R. S. (Comp. St. §§ 5994, 6019, 6021). They were tried before a jury at the October term, 1919, at Greenville, S. C., and convicted upon all the counts of the indictment.

When the illicit distillery was found by the officers, according to the testimony, it was ready for operation. No one was then there present, but the officers concealed themselves and laid in wait with the purpose of apprehending whoever came to operate it. In a short time, three persons (the plaintiffs in error and another person) came to the distillery, and, according to the officers, had a conversation among themselves as to whether the beer was ready to be run or distilled, and which tub of beer they would first run. The officers then rushed in and caught all three of the men.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the trial, the presiding judge charged the jury that, if they concluded that the plaintiffs in error were at the time at the place where they were alleged to have been caught, and that it was at a distillery, as set out in the indictment, that that would be a suspicious circumstance, and would demand some explanation of the plaintiffs in error, either from the facts testified to by the witnesses for the government, or upon their own part.

The presiding judge, upon an exception to this charge, further charged the jury that, in the absence of some explanation of why the prisoners were there, either from the testimony for the government, or the surrounding circumstances, or their own testimony, when one is found at an illicit distillery, it becomes incumbent upon him to give some explanation of his presence there.

It is upon an assignment for this charge as error that the case is now before this court.

[1-3] An illicit distillery is a business or operation wholly prohibited by law. As in the case of other operations of an illicit character, it is carried on as covertly as may be. Like larceny, or theft, or other crimes of that kind, the malefactor or evil doer does not commit his crime in the open, but in as concealed a manner as possible. In such cases the law raises certain presumptions necessary in the administration of justice. One is that possession of stolen goods justifies the inference that the possession is a guilty possession, and though it be only prima facie, it authorizes, if no other testimony be adduced, the presumption of guilt. To state it more concisely, the possession of stolen goods, if it be proven that the party charged was in possession, and that the goods were stolen, and no other evidence was adduced of any kind, either by the prosecution or the defendant, and there were no circumstances to rebut the inference to be drawn from this fact of possession, then it would authorize the jury to find the defendant guilty. There is no reason that the same rule of reason and law should not apply in the case of other unlawful possession of property. An illicit still is unlawful property, and its operation an unlawful act, and its possession would logically justify the same inference that would arise in the case of the possession of stolen goods. It is a mere presumption, creates only a prima facie inference of guilt, and may be rebutted, either by circumstances, or by the direct testimony of the parties charged, or of others.

The proximity of the accused to the place of the crime and the unlawful apparatus used in the perpetration of the crime, at or about the time of its perpetration, may by a reasonable inference raise the presumption of possession, and that the party so found was guilty of a participation in the crime charged, which required the possession and use of the property. It is entirely a question for a jury whether this inference is, on consideration of all the testimony, sufficient to convict the defendant beyond a reasonable doubt.

In the instant case, the learned judge below merely instructed the jury that the presence of the party charged at an illicit distillery was a suspicious circumstance, and that, when one is so found present, it becomes incumbent upon him to give some explanation of his presence there.

Under the circumstances of the instant case, we do not find that this charge violated any principle of law, but, on the contrary, was fully authorized.

Affirmed.