## MALDONADO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1922.)

No. 3870.

Criminal law ⬤═395—Intoxicating liquors ⬤═249—Search with owner's consent legal, and liquor may be used as evidence.

Seizure of liquor found on search of defendant's automobile without a warrant, and its use as evidence against him, *held* legal, where the search was made with his consent.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Tristan Maldonado. Judgment of conviction, and defendant brings error. Affirmed.

George M. Thurmond, of San Antonio, Tex., and C. C. Belcher, of Del Rio, Tex., for plaintiff in error.

John D. Hartman, U. S. Atty., of San Antonio, Tex. (W. C. Williams, Asst. U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error was convicted upon an indictment charging him with the possession and the transportation of intoxicating liquor, in violation of the National Prohibition Act (41 Stat. 305).

There is no question of his guilt. When arrested, he had the liquor in his possession, and was in the act of transporting it in an automobile. No evidence was submitted for the defense, and the prima facie presumption of unlawful possession and transportation arose under title 2, section 33, of the National Prohibition Act.

The officers who made the arrest did so upon information that plaintiff in error was in the act of violating the law. They had no search warrant. However, plaintiff in error, in response to a question, stated to them that he had intoxicating liquor in the automobile, and gave his permission to search it. Thereupon the liquor was found and seized, and used as evidence at the trial.

The sole question sought to be raised upon this writ of error is whether the search and seizure without a warrant were reasonable. We do not think that question is fairly raised, in view of the fact that what was done was with the consent of plaintiff in error.

The judgment is affirmed.