Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Mahlen Pitney of New Jersey, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

.Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky.

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

## COURT OF APPEALS of U. S.

### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT

#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error · or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 10 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

### No. 313

### SALATI v. UNITED STATES

United States Court of Appeals, 6th Circuit

No. 3714. Jan. 9, 1923

286 Fed. 125

INTOXICATING LIQUORS—(1) Invalidity of search warrant—(2) Evidence, procedure under invalid warrant—(3) No waiver of rights to say "go ahead" to officer supposed to have a valid warrant.

·Denison and Donahue, C. J., and Peck, D. J.

Error to N. D. Ohio, E. D., .Westenhaver, Dis. Judge

PER CURIAM.

### Epitomized Opinion

The plaintiff, Salati, was indicted for and convicted of having unlawful possession of distilled liquor fit for beverage purposes and intended for use in violation of the United States Prohibition Act. During the progress of the trial, a federal prohibition agent was called by the government and testified that he had had the clerk of the Youngstown municipal court issue the warrant upon hearsay, being a report which came into his office, but had no knowledge as to who made the report, nor as to its truth. Thereupon, the accused objected to the admission in evidence of any liquor found and seized by the searching officers upon authority of the search warrant. The objection was overruled and exceptions noted. The court of appeals in reveiwing the case in the district court held:

1. The uncontradicted testimony of the federal agent was that the search warrant was not issued by a person having authority to issue it, nor, as required by statute, upon probable cause, supported by affidavit.

2. There having been no dispute at the trial as to the facts which rendered the search warrant invalid, the defendant's objection to the admission of the liquor in evidence, which was made in the trial court, should not have been overruled as inviting a collateral issue.

3. As upon the presentation to Salati of what appeared to be a valid search warrant, he had no choice other than to permit the officers to make the search that the warrant purported to authorize. His words to them: "Go ahead, you have full liberty to go all through the place," cannot be construed as his invitation to search his premises without a search warrant, but rather show his intention not to offer resistance to the officers.

Judgment of the district court reversed and case remanded.

Attorneys—Oscar E. Diser, Youngstown (Craver, Diser, Huey & Starrs, on brief), for Salati; Berkley W. Henderson, Cleveland, for U. S.

### No. 314

### WINDSOR v. UNITED STATES

U. S. Court of Appeals, 6th Circuit

No. 3723. Jan. 9, 1923

286 Fed. 51

CRIMINAL LAW—(1) Conspiracy—Evidence of sustained—(2) Proof of unlawful acts—(3) Jury questions—(4) Instructions held to cure objections to argument of attorney—(5) Search and seizure —Affect of consent to search—(6) Objection to charge specific overt acts.

Before Knappen, Denison and Donahue, Circuit Judges

DONAHUE, C. J.

### Epitomized Opinion

Error to ·the District Court and the N. D. Ohio, E. D. Westenhaver, Judge

Windsor was jointly indicted with three others, the indictment containing four counts. The first count charged conspiracy to violate the National Prohibition Law. The second, unlawful possession of alcohol. The third, unlawful transportation of

## U. S. CIRCUIT COURT of APPEALS

distilled spirits, and the fourth, unlawful and felonious affixing of counterfeited revenue stamps.

Different defendants entered different pleas to the different counts of the indictments, and, as to some of the defendants, the counts were nolled. Windsor pleaded guilty to the second and third counts and the court directed a verdict of not guilty as to the fourth. A motion for a new trial was overruled and sentence imposed. In affirming the decision of the district court, the court of appeals held:

1. The plea of guilty by Windsor to counts of the indictment alleging violations of the prohibition act jointly by him and a co-conspirator, while they do not tend to prove a conspiracy, for the purpose of this case, his plea of guilty of these offenses may be wholly disregarded. But there is substantial evidence in the record tending to prove that when he was arrested, Windsor was in possession of alcohol fit for beverage purposes and was transmitting the same in an automobile that he was driving.

2. The government is not required to furnish direct proof of the unlawful plan or agreement entered into by conspirators, but such charge may be sustained by evidence showing a concert of action in the commission of an unlawful act, or by proof of other facts from which the natural inference arises that the unlawful overt act was in furtherance of a common design of the alleged conspirators.

3. While both defendants denied conspiracy and a joint enterprise in the commission of unlawful acts as charged, the testimony being conflicting, the credibility of the witnesses and the weight of the evidence are questions for the jury and not for this court.

4. The argument of the district attorney as to the effect of the testimony was cured by the instructions of the court to the jury on the questions, and the general charge, and definition of criminal conspiracy, to which no objection was made.

5. As the defendant, when arrested, gave an erroneous address and went with the officers and showed them his wrong address, which was given in the warrant, the consent to search his true house was not unlawful and did not prevent the admission of the liquor seized in evidence.

6. The refusal of a request to instruct the jury that if they found the defendants guilty of conspiracy, they should find specifically and report to the court which of the overt acts alleged in the indictment were committed by one or more of the persons charged with the conspiracy, was not prejudicial to the accused where he had pleaded guilty to the other counts charging the same acts.

Upon the whole record it clearly appears that no error intervenes in the trial of this cause to the prejudice of the plaintiff, Windsor, and the judgment of the district court is affirmed.

Attorneys—Wm. Gordon and A. L. Kreisberg, Cleveland, for Windsor; Berkley W. Henderson, Asst (E. S. Wertz, U. A. Atty., and D. J. Needham, Asst.) Cleveland, for United States.