11266

STATE V. WHITEFIELD

(118 S. E., 311)

1. INTOXICATING LIQUORS—WHETHER DEFENDANT GUILTY OF OPERATING STILL HELD FOR JURY.—Evidence that defendant was one of three persons, all of whom appeared to be engaged in operating a still, *held* to make a defendant's guilt a question for the jury, though he was not distinctly recognized as doing any particular part of the work.

2. CRIMINAL LAW—SOLICITOR'S UNANSWERED QUESTION HELD NOT GROUND OF EXCEPTION.—Where solicitor asked the question which is the subject of exception, but on defendant's objection to it presiding judge declined to permit witness to answer, there is no ground of exception.

Before C. J. Ramage, Special Judge, Anderson, May 1923. Affirmed.

Wade Whitefield convicted of violating the prohibition law and appeals.

*Messrs. Dickson & Miller,* for appellant, cite: *Presence at still does not raise presumption of guilt:* 89 S. E., 174. *General moral character not in issue:* 98 S. C., 116; 26 S. C., 121; 56 S. C., 524.

*Mr. L. W. Harris, Solicitor* for the State cites: Presence *at still:* Und. Crim. Ev. (3d. Ed.), 983; 113 S. E., 69; 74 S. E., 500. *Evidence of bad character for making whiskey admissible:* Und. Crim. Evid. (3rd. Ed.), 985; 100 S. E. 788; 69 S. E., 1077.

July 9, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from conviction and sentence for violation of the prohibition law, manufacturing and having in possession alcholic liquors. The exceptions raise three questions:

(1) Was there error in refusing defendant's motion for a directed verdict? (2) Was there error in refusing a cer-

tain request to charge? (3) Was there error in allowing the solicitor to ask a certain question?

As to the first question: The evidence for the State tended to show that the defendant with two others were at the still when it was located by the officers; it was night, and before the officers flushed the game they saw the three men working around and about the still, which was in active eruption; some of them were putting wood in the furnace and doing other things in connection with the operation; they were unable to identify the defendant as doing any particular part of it; while some of the officers were spying, other officers came up on the opposite side of the branch and one of the latter party stepped upon a dead stick; this alarmed the workers, who precipitately fled up the hill, the defendant with them; after waiting for quiet the three returned and continued operations; it was then that the officers arrested all three after an impromptu marathon, the defendant being energetic in his retreat.

It clearly was a question for the jury whether the defendant, although not distinctly recognized as doing any particular part of the work, was one of the three, all of whom appeared to be engaged.

As to the second question: The record for appeal does not show that the request, the refusal of which is assigned as error, was preferred by the defendant, and if it had been it was properly refused. *Barton v. U. S.* (C. C. A.) 267 Fed., 174.

As to the third question: As soon as the solicitor asked the question which is the subject of this exception, the defendant's attorney made objection, and the presiding judge declined to permit the witness to answer it. This presents no ground of exception.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE GARY, did not participate.