## HARDING v. UNITED STATES.
### No. 6070.

United States Court of Appeals
Fourth Circuit.

Argued April 12, 1950.

Decided June 3, 1950.

Edward P. Simpkins, Jr., and A. C. Epps, Richmond, Va., for appellant.

Robert N. Pollard, Jr., Asst. U. S. Atty., Richmond, Va. (George R. Humrickhouse, U. S. Atty., Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HAYES, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence in a criminal case in which, on waiver of jury trial, appellant and two other persons, one of whom was the brother-in-law of appellant, were convicted by the trial judge of operating an illicit distillery. The only question raised by the appeal is the sufficiency of the evidence to sustain the conviction. The distillery was being operated in a body of woods a considerable distance from where appellant lived and also quite a distance from the sawmill where he had been working on the day in question up until around 5 o'clock in the afternoon. Around 6:30 that afternoon, officers of the law found two men at the still and the defendant only ten or twelve steps distant approaching it through the woods. When the officers made their presence known, all three men ran but were later apprehended. A gallon and a half of whiskey had been run through at the time in an operation evidently conducted by the other two men who were at the still, one of whom was the brother-in-law of appellant, and, while there is nothing to show exactly what appellant's connection with the operation was, it is not necessary that this be shown with precision. Defendant offered no explanation of his presence so near the still while it was being operated in violation of law or of his conduct in running away. When these circumstances are viewed in the light most favorable to the prosecution, as they must be on the question of the sufficiency of the evidence, we cannot say that they are not sufficient to support the finding of guilt. It is not a question of what presumptions the law will draw from presence of an accused at an illegal distillery, but of what inferences reasonable men would draw from the circumstances, in view of the fact that no explanation is offered. Presence so near the illicit operation and flight when officers of the law made their appearance lead reasonably to the conclusion that those who were present and fled must have had some guilty connection with what was going on. We cannot say that the judge was not justified in taking the view which other reasonable men would take of the circumstances. Preoccupation with legal rules must not be allowed to obscure the dictates of common sense.

Affirmed.

HAYES, District Judge (dissenting).

I am unable to agree that it is not necessary to show what appellant's connection with the distillery was nor with the proposition that the failure of defendant to offer an explanation of his presence so near the still while it was being operated in violation of law or of his conduct in running away are sufficient to sustain a conviction.

The principle announced in Hicks v. U. S., 150 U.S. 442, 450, 14 S.Ct. 144, 37 L.Ed. 1137, is peculiarly applicable here. Hicks was at the scene where Rowe shot and killed Colvard and immediately before the shot was fired, Hicks told Colvard to take off his hat and die like a man. Both Rowe and Hicks fled from the scene. It is true that Hicks testified that he was trying to make peace between the two. The trial judge instructed the jury that if Hicks was present for the purpose of aiding or abetting Rowe, he would be guilty although he did not render aid. The court held the instruction erroneous for the reason that there were no facts shown in the evidence of any previous conspiracy or arrangement on which to base the instruction. Mere presence at a place where crime is committed is not enough. Proof must warrant an inference of participation in the crime before guilt can be found.

The failure of defendant to testify does not constitute evidence against him nor warrant an inference of guilt. It is his privilege but his failure to avail himself of it shall not create any presumption against him. 28 U.S.C.A. § 632 [now 18 U.S.C.A. § 3481]. In Bruno v. U. S., 308 U.S. 287, 294, 60 S.Ct. 198, 200, 84 L.Ed. 257, to the suggestion that the jury would not heed an instruction in accord with the statute, the Court said: "that Congress legislated on a contrary assumption and not without support in experience. It was for Congress to decide whether what it deemed legally significant was psychologically futile." If the trial judge must instruct the jury that the defendant's failure to testify shall not create any presumption against him, why should the judge acting as a jury, ignore the mandate of the statute?

It is true that being present at a "blockade" distillery is a suspicious circumstance calling for explanation as was held in Barton v. U. S., 4 Cir., 267 F. 174, but in the instant case the defendant was not present; he was only going toward it, and the evidence shows conclusively that he had not been there; it also shows that he was not carrying anything to the place. The still itself was actually in the possession of, and operated by, the two defendants who were found guilty and who do not appeal. The plant was small, only 150 gallons of mash, which could have been managed without the assistance of this defendant. We cannot ignore the evidence which clearly shows that Harding cut logs all day at a saw mill 7 miles away from the still; that the owner of the mill testified that after quitting time, 5 p. m., he and defendant drove 8 miles to hunt a hand for the next day, and the employer put defendant out at his home between 6:00 and 6:30 p. m.

Now the officers agree that the still was not operated before 3:40 p. m. but when they returned at 6:35 p. m., it was in full operation. Indeed it had been operating long enough for 1½ gallons of spirits to have run. This takes time. The still had to be filled with mash, a fire had to be built, the material brought to a boil, and the steam condensed, before the liquor could emit from the cooler. It was impossible for Harding to do it. It may be possible that he was coming to help the others finish the process but he did not render any assistance and since there is no evidence of facts showing a conspiracy or prior arrangement, this case should follow Hicks v. U. S., supra.

Moreover, the conclusion that Harding is guilty on all or any of the counts is completely contrary to Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. The sentence of One year and one day in a federal prison and a fine of $700 indicates a conviction on all counts with nothing to support it except the fact that defendant fled from the vicinity of a still before he got to it and in the absence of any proof he had ever been to it. It is contrary to experience to say that every

one who happens to be in the neighborhood of a still is the owner and operator and is guilty of the entire catalogue of statutes governing the manufacture and possession of distilled spirits. It is not wise to be around such a place, but Congress has not yet made it a crime to be in the vicinity of a still. It is common knowledge that many people do visit such places who are not participants in the crime. Mere presence is not enough to justify an inference of a conspiracy. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210.