THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ESTEBAN BARRIOS CANO, Defendant and Appellant.

No. 14442. Argued February 1, 1951.—Decided February 12, 1951.

G. *Jiménez Sicardó* for appellant. *Víctor Gutiérrez Franqui,*
*Attorney General, J. Rivera Barreras, Fiscal of the Supreme*
*Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for
appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On September 27, 1949 the district attorney of San Juan
accused Esteban Barrios Cano and Pedro Rivera Molina of
violation of § 4 of the *Bolita* Act (No. 220 of May 15, 1948,
p. 738). After a trial the court found them both guilty and
sentenced them to one year and six months' imprisonment in
jail, respectively. Only Barrios Cano appealed. In his brief
he merely maintains that the lower court erred in "overrul-
ing the motion requesting the dismissal of the prosecution
against defendant-appellant Esteban Barrios Cano because
he was not connected with the offense." Although the error
is expressed in those terms, the question which it raises is
the illegality of the search with respect to the appellant
herein.

The only witness introduced by the district attorney
was Rufo Rosa González who briefly testified that he is a
sergeant in the police force and that on August 23, 1949
about 11:30 p.m. he made a round on Carpenter Road near
the place known as Bella Vista; that he stopped in front of
the commercial establishment "La Cócora" and entered be-
cause it was rumored that they played the *bolita* game
there; that he asked clerk Rivera Molina his permission to
go into the back room asking the clerk to accompany him
because he wished to search the place; that when he entered
the back room he saw Rivera Molina trying to seize a bag
which was on a shelf and that the witness told him then:
"no, wait a moment, let me see that"; than then he seized
the bag which contained certain typed lists and additions

which read "Esteban, collection", as well as two stubs of "La Pava" *bolipool* with three-digit numbers; that when he was examining what he had found Esteban Barrios Cano appeared alleging that the establishment was his and when asked if he was responsible for the bag and its contents Barrios Cano answered "the clerk may know about that"; that the clerk made no objection and that Barrios Cano was not in the establishment when Rivera Molina authorized him to search the back room.

Benito Colón Vázquez was another witness for the district attorney but he was not called as his witness. In view of this fact the defense used him as witness and his testimony, although slightly different from that of Sergeant Rosa González, corroborates the latter on the point that the appellant was not in his establishment at the time the clerk authorized Rosa González to go into the back room and search it.

At the end of the testimony of Colón Vázquez the defense stated that it was definitively submitting the case because it was clear from the evidence that the search had been illegal. The point thus raised was repeatedly overruled by the lower court. Although ordinarily any objection to evidence illegally obtained must be raised prior to the trial, in cases like the one at bar said question could have been raised during the trial, because as we said in *People* v. *Nieves*, 67 P.R.R. 283, 285 "if while the evidence for the prosecution is being introduced, it is made to appear by the direct or cross examination that the evidence was unlawfully obtained . . . the defendant may object to its admission, even if he knew before the trial that said evidence was intended to be presented against him. . ."

The Assistant *Fiscal* of this Court now maintains that since said question was originally raised after the prosecution finished introducing its evidence, it was equivalent to a motion for nonsuit which was waived by the defendant when he introduced the testimony of two witnesses in his behalf. We disagree. It was not really a motion for non-

suit, which, as is known, admits the truth of the evidence for the prosecution and is directed to the weighing and scope of the same but an objection introduced by the defendant, at the close of the cross-examination of the last witness for the prosecution, against the admission of evidence because of the manner in which it was seized, and a subsequent motion attacking the validity of the search and consequently requesting the acquittal of the defendant. Hence, the fact that the defendant introduced evidence in his behalf does in nowise operate as a waiver of the question. As it is admitted that there was no search warrant, the case is confined to determining whether a clerk of an establishment, in the absence of its owner, may lawfully authorize a policeman to search the establishment of his employer and if material which is used or may be used in the illegal game of '*bolita*' is seized there whether a prosecution against the owner is legally valid.

Paragraph 13 of § 2 of our Organic Act[1] provides that "The right to be secure against unreasonable searches and seizures shall not be violated." The case at bar does not deal with a search as a sequel to a valid arrest. The evidence shows, we repeat, that the only one who authorized the policemen to search the back room was clerk Rivera Molina. Naturally, had the owner consented to the search, it would have amounted to a waiver of the immunity granted to him by the aforesaid provision of our Organic Act. Said immunity, however, is personal and the waiver by a mere clerk is not binding on the owner of the establishment. That is the general rule. See 47 Am. Jur., § 72, p. 548; Cornelius, Search & Seizure, 2d ed., § 25, p. 72; Alexander, The Law of Arrest, Vol. 1, § 136, p. 607; 58 A.L.R. 733, 737; *Maldonado* v. *United States*, 284 Fed. 853; *Windsor* v. *United States*, 286 Fed. 51, 55; *Hays* v. *State*, 261 Pac. 232. Since the evidence proved that defendant Barrios Cano was absent

---

[1] United States Code, title 48, chapter 4, § 737.

from the establishment at the time of the search and that he did not authorize the search, such search was, as far as he was concerned, entirely illegal. The fact that material used in the *bolita* game was seized in his establishment does not alter the situation. *United States* v. *Di Re*, 332 U. S. 581, 595.

The judgment appealed from will be reversed and the defendant acquitted.