EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ESTEBAN BARRIOS CANO, acusado y apelante.

Núm. 14442.—*Sometido:* Febrero 1, 1951. *Resuelto:* Febrero 12, 1951.

172

*G. Jiménez Sicardó,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 27 de septiembre de 1949 el fiscal formuló acusación ante el Tribunal de Distrito de San Juan contra Esteban Barrios Cano y Pedro Rivera Molina por infracción a la sección 4 de la Ley de la Bolita (Núm. 220 de 15 de mayo de 1948, pág. 739). Celebrado el juicio la corte declaró a ambos culpables, sentenciándoles a sufrir un año y seis meses de cárcel, respectivamente. Tan sólo Barrios Cano apeló. En su alegato sostiene meramente que el tribunal inferior erró al declarar "sin lugar la moción solicitando la eliminación del proceso al acusado apelante Esteban Barrios Cano, por no habérsele conectado con el delito." Aunque ese error está redactado en la forma indicada, la cuestión que el mismo plantea es en verdad la de la ilegalidad del registro en lo que respecta al aquí apelante.

El único testigo presentado por el fiscal lo fué Rufo Rosa González, quien en síntesis declaró que es sargento de la policía y que allá para el 23 de agosto de 1949, como a las

11:30 de la noche daba un recorrido por la carretera Carpenter, cerca del sitio conocido por Bella Vista; que se detuvo frente al cafetín "La Cócora", entrando a éste porque se rumoraba que allí se jugaba a la bolita; que le pidió permiso al dependiente Rivera Molina para pasar a la trastienda del negocio, indicando a éste que debía acompañarle, ya que quería inspeccionar el sitio; que al pasar a la trastienda vió a Rivera Molina tratando de echarle mano a una funda que había en una tablilla y que entonces el testigo le dijo: "no, un momento, deje ver eso"; que entonces él empuñó la funda y ésta resultó contener ciertas listas y unas sumas en maquinilla que decían "Esteban, colecta", así como dos talonarios del bolipool "La Pava" con números de tres cifras; que cuando examinaba lo hallado se presentó Esteban Barrios Cano alegando que el cafetín era suyo y al preguntarle si era responsable de la bolsa y de su contenido Barrios Cano le contestó: "de eso sabrá el dependiente"; que éste no protestó y que Barrios Cano no estaba en el establecimiento cuando Rivera Molina le autorizó a registrar la trastienda.

Benito Colón Vázquez era otro de los testigos del fiscal, mas no fué llamado por éste. En vista de ello la defensa lo utilizó como testigo y su testimonio, aunque discrepa en ligeros detalles de lo declarado por el sargento Rosa González, corrobora a éste en cuanto al extremo de que el apelante no se hallaba presente en su establecimiento al momento en que el dependiente le autorizó a pasar a la trastienda y registrar ésta.

Al finalizar Colón Vázquez su declaración la defensa manifestó que sometía definitivamente el caso, toda vez que de la prueba surgía que el registro efectuado era ilegal. La cuestión así planteada fué reiteradamente declarada sin lugar por el tribunal inferior. Aunque de ordinario cualquier objeción a evidencia ilegalmente obtenida debe ser leventada con anterioridad al juicio, en casos como el presente tal cuestión podía ser suscitada durante el juicio, pues conforme dijimos en

174

*Pueblo* v. *Nieves*, 67 D.P.R. 305, 307 "si mientras se presenta la prueba de cargo surge del examen directo o del de repreguntas que la evidencia fué ilegalmente obtenida.... el acusado puede objetarla, a pesar de que antes del juicio hubiera tenido conocimiento de que tal evidencia se intentaba presentar en su contra...."

Sostiene ahora el fiscal auxiliar de este Tribunal que toda vez que esa cuestión fue originalmente planteada cuando el ministerio público terminó de presentar su prueba, ella tenía el alcance de una moción de *nonsuit* y que la misma fué renunciada por el acusado al ofrecer el testimonio de dos testigos en su favor. Discrepamos. No se trataba realmente de una moción de *nonsuit*, la que, como se sabe admite la veracidad de la prueba de cargo y va dirigida al peso y alcance de la misma, sino de una objeción presentada por el acusado, al terminar de repreguntar al único testigo de cargo, a la admisión de la evidencia, dada la forma en que ésta fué ocupada, y de una moción ulterior impugnando la legalidad del allanamiento y solicitando, en su consecuencia, la absolución del acusado. Siendo ello así, el hecho de que el acusado presentara prueba en su favor no conlleva en forma alguna la renuncia de la cuestión. Como se admite que no hubo orden de allanamiento, el caso se limita a la determinación de si el dependiente de un establecimiento, en ausencia del dueño del mismo, puede dar autorización válida a un agente de orden público para registrar el negocio de su patrono y si al ocuparse allí material que se utiliza o puede utilizarse en el juego ilegal de la bolita un proceso seguido contra el dueño se ajusta a derecho.

El párrafo décimotercero del artículo 2 de nuestra Carta Orgánica[1] dispone que "No se violará el derecho de estar garantizado contra registros y embargos arbitrarios." No se trata en el caso de autos de un registro como secuela de un arresto válido. La prueba revela, repetimos, que el único que

_____

[1] United States Code, título 48, capítulo 4, sección 737.

autorizó a los policías a pasar a la trastienda y registrar ésta lo fué el dependiente Rivera Molina. Naturalmente, de haber consentido el dueño al registro ello equivaldría a una renuncia de la inmunidad concedida por el referido inciso de nuestra Carta Orgánica. Tal inmunidad, sin embargo, es personal y la renuncia hecha por un mero dependiente no obliga al dueño del establecimiento. Ésa es la regla general. Véanse 47 Am. Jur., sección 72, página 548; Cornelius, *Search & Seizure*, segunda edición, sección 25, página 72; Alexander, *The Law of Arrest*, Vol. 1, sección 136, página 607; 58 A.L.R. 733, 737; *Maldonado* v. *United States*, 284 Fed. 853; *Windsor* v. *United States*, 286 Fed. 51, 55; *Hays* v. *State*, 261 Pac. 232. Demostrando la prueba que el acusado Barrios Cano se hallaba ausente del establecimiento al momento de allanarse el mismo y que no fué él quien autorizó el registro, éste resultó, en cuanto a él concernía, enteramente ilegal. El hecho de que en su establecimiento se ocupara material de la bolita no alteró la situación. *United States* v. *Di Re*, 332 U. S. 581, 595.

*Debe revocarse la sentencia apelada y ordenarse la absolución del acusado.*