**James Edward CHITWOOD, Jr.,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7035.**

United States Court of Appeals
Fourth Circuit.

Argued October 4, 1955.

Decided October 4, 1955.

C. Carter Lee, Rocky Mount, Va., for appellant.

Beverly A. Davis, III, Asst. U. S. Atty., Rocky Mount, Va. (John Strickler, U. S. Atty., and Benjamin F. Sutherland, Asst. U. S. Atty., Roanoke, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a criminal case in which the accused was convicted of violation of the Internal Revenue laws in the removal of distilled spirits on which the tax had not been paid. The case was tried before a jury and the evidence showed that officers of the law chased an automobile which they suspected of being engaged in violating the law and that, when they forced it to the curb, two men who had been riding in the car jumped from it and ran away. A quantity of untaxpaid liquor was found in the car and two fruit jars filled therewith fell from the car and were broken when the two occupants ran away. Appellant denied that he was in the car, but there was ample evidence to identify him as one of the men who ran therefrom. He contends that there was not sufficient evidence to sustain the jury's verdict of guilty because he was not shown to be the owner of the car or to

have had any interest in the liquor. The contention is frivolous. The fact that he was riding in a car filled with liquor and that he ran from the officers was ample evidence that he was aiding and abetting in the crime which was being committed whether he was the owner of the car or the liquor or not. Harding v. United States, 4 Cir., 182 F.2d 524; Windsor v. United States, 6 Cir., 286 F. 51; Rowan v. United States, 7 Cir., 277 F. 777; 20 Am.Jur. 1221. The complaint as to the charge of the court is absolutely without merit. The judge made it perfectly clear that mere presence of the appellant in the automobile would not make him guilty, if he had no proprietary interest and no part in the delivery, removing or concealing of the liquor. As the appeal presents no substantial question, the mandate will issue forthwith and will not be stayed pending application for rehearing or certiorari.

Affirmed.