EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR TORRES PÉREZ, acusado y apelante.

Número 16300.

*Sometido:* 17 de enero de 1958. *Resuelto:* 7 de abril de 1958.

*Luis A. Noriega,* abogado del apelante; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario de Justicia Auxiliar y Alfredo Archilla Güenard y William Fred Santiago, Fiscal y Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Víctor Torres Pérez fué procesado en el Tribunal Superior, Sala de Ponce, por infracción a la Ley núm. 220 de 15 de mayo de 1948 (Ley de Bolita). 33 L.P.R.A. sec. 1247 y sigtes. Habiendo sido convicto y sentenciado a cumplir seis meses de cárcel, instó el presente recurso de apelación. Sostiene que el tribunal a quo cometió error al declarar sin lugar su Moción sobre Nulidad de Orden de Allanamiento y Supresión de Evidencia y al admitir como prueba el material de bolita que se obtuvo mediante el allanamiento de su residencia autorizado por dicha orden. El fiscal de este Tribunal se allana a la revocación de la sentencia.

La cuestión esencial se reduce a determinar si es correcta la regla que adoptamos en *Pueblo* v. *Villariny*, 71 D.P.R. 741 (1950). Allí resolvimos que no puede impugnarse la suficiencia de una declaración jurada que sirve de base a la expedición de una orden de allanamiento mediante prueba de que lo afirmado bajo juramento en la declaración es falso. O dicho de otra manera: la suficiencia de la declaración jurada debe juzgarse únicamente por los hechos que en ella se exponen y que sirvieron de base para determinar que existía causa probable para expedir la orden de allanamiento. Por eso el tribunal *a quo* no permitió al apelante presentar prueba para demostrar que los hechos consignados bajo juramento por el policía declarante eran falsos y declaró que la orden de allanamiento era válida de su faz.

La seguridad jurídica exige que no sean demasiado frecuentes los cambios en la doctrina jurisprudencial. Para cerrar el paso a interminables disputas y por la fuerza del precedente, las sentencias judiciales sirven de norma para la decisión de litigios posteriores. Pero el deber de emitir fallos justos, válidos y objetivos nos impide alcanzar una estabilidad absoluta. Así pues, hemos examinado nueva-

mente la cuestión resuelta en el caso de *Pueblo* v. *Villariny*, supra, y un análisis detenido del problema nos demuestra que procede revocarlo. (¹)

■■ Los arts. 517 y 518 del Código de Enjuiciamiento Criminal (34 L.P.R.A. secs. 1827 y 1828) disponen que, si los fundamentos que sirvieron de base a la orden de registro fueren objeto de controversia, *"el juez debe proceder a tomar las declaraciones que con el asunto se relacionen"*, y *"si resultare . . . que no hay causas justificadas para creer en la existencia de* (dichos) *fundamentos . . . el juez de paz debe ordenar la restitución de las prendas a la persona de quien fueren incautadas"*. (²) Por tanto, cometimos error al resolver que en Puerto Rico no existía un estatuto autorizando la impugnación de una declaración jurada que sirve de base a la expedición de una orden de allanamiento mediante prueba de que lo que se hizo constar en la declaración es falso. Aunque dichos artículos se refieren al *"juez de paz"*, en *Pueblo* v. *Capriles*, 58 D.P.R. 548 (1941), resolvimos que los jueces de las cortes municipales (hoy Tribunal

---

(¹) Por supuesto, no estamos impedidos de reconsiderar la regla sentada en el caso de *Villariny* por el hecho de que la Asamblea Legislativa, en virtud de la Ley núm. 91 de 22 de junio de 1957 (Leyes, pág. 468), adicionó el art. 518-A al Código de Enjuiciamiento Criminal con el fin de permitir precisamente la impugnación de la veracidad de la declaración jurada que sirve de base a la expedición de una orden de allanamiento "mediante prueba de que lo afirmado bajo juramento en la declaración es falso, total o parcialmente". El citado art. 518-A sólo tiene efecto prospectivo. No alteró en nada lo dispuesto en los arts. 517 y 518 del Código de Enjuiciamiento Criminal. Y la Legislatura consideró necesario aprobarlo en vista de la doctrina que ahora revocamos.

(²) El texto inglés de los citados artículos es mucho más claro que la versión castellana de los mismos. Copiados al pie de la letra dicen:

"If the grounds on which the warrant was issued be controverted, he must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing." Code Crim. Proc., 1935, sect. 517.

"If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds in which the warrant was issued, the justice of the peace must cause it to be restored to the person from whom it was taken." Code Crim. Proc., 1935, sect. 518.

de Distrito) y de las cortes de distrito (hoy Tribunal Superior) tienen facultad para ordenar la devolución de los efectos ilegalmente ocupados en aquellos casos en que el delito en relación con el cual puede usarse la evidencia sea de su jurisdicción, pues conforme a lo dispuesto en el art. 514 del Código de Enjuiciamiento Criminal:

"Si la prenda ha sido incautada en virtud de una orden de registro o allanamiento librada en vista de los fundamentos que se señalan en los números 2 y 3 del artículo 502, debe conservarla en su poder, *sujeta a la orden del tribunal a quien deba él enviar el proceso por él incoado, o a la de cualquier otro tribunal en que puede ser juzgado el delito con que se relaciona la prenda incautada.*" (Bastardillas nuestras.) 34 L.P.R.A. sec. 1824.

Nótese que las disposiciones contenidas en los citados arts. 517 y 518 del Código de Enjuiciamiento Criminal son casi idénticas a las que contenía la Ley de Espionaje Federal de 1917 en sus secs. 15 y 16.([3]) Al amparo de las mismas, las cortes federales siempre sostuvieron que se podía controvertir e impugnar la veracidad de los hechos en que se funda una orden de allanamiento. Véanse Cornelius, *The Law of Search and Seizure*, 2a ed., secs. 169 (89) y 353 (256), y los casos citados en 5 A.L.R. 2d 394, 407–409. Por otro lado, la Regla 41 (*e*) de las de Procedimiento Criminal Federal también contiene disposiciones similares a las

---

([3]) Disponían como sigue:

"Sec. 15. If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness." 40 Stat. 229 (1917).

"Sec. 16. If it appears that the property or paper taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken; but if it appears that the property or paper taken is the same as that described in the warrant and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the judge or commissioner shall order the same retained in the custody of the person seizing it or to be otherwise disposed of according to law." 40 Stat. 229–230 (1917).

de nuestro Código. (⁴)   Y la jurisprudencia federal ha establecido que, a tenor con la Regla 41 (e) citada, puede presentarse evidencia para demostrar que son falsos los hechos a base de los cuales se determinó que existía causa probable para expedir una orden de allanamiento.   Véanse *Hoffritz v. United States*, 240 F.2d 109 (C.A. 9, 1956) y *Benes v. Canary*, 224 F.2d 470 (C.A. 6, 1955).

En California, de donde proceden los **arts. 517 y 518 de** nuestro Código de Enjuiciamiento Criminal, el acusado no tiene derecho a solicitar la supresión y devolución de evidencia obtenida ilegalmente mediante moción en la causa criminal.   Grant, *Search and Seizure in California*, 15 So. Calif. L. Review 139, 146–152 (1942).   Además, prevaleció hasta hace poco la regla de que era admisible en contra del acusado evidencia obtenida mediante un registro o allanamiento ilegal.   Véanse *People v. Cahan*, 282 P.2d 905 (Cal. 1955) y Barrett, *Exclusion of Evidence Obtained by Illegal Searches—A Comment on People v. Cahan*, 43 Cal. L. Rev. 565 (1955).   Sin embargo, las cortes de California permiten una impugnación directa de la orden de allanamiento y de la declaración jurada que le sirve de base, mediante cualquier clase de prueba, en un pleito civil separado.   A ese

---

(⁴) En lo pertinente, lee como sigue:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." 18 U.S.C.A. Federal Rules of Criminal Procedure 41 (e).

resultado han llegado aplicando los arts. 1539 y 1540 del Código Penal de California que son equivalentes a los arts. 517 y 518 de nuestro Código de Enjuiciamiento Criminal. Véase, por ejemplo, *Stern* v. *Superior Court*, 174 P.2d 34 (Cal. 1946). No hay razón alguna para prohibir tal impugnación en Puerto Rico cuando el incidente surge en la causa criminal. ([5])

Siendo ello así, *se revoca la sentencia apelada y se devuelve el caso al Tribunal Superior, Sala de Ponce, para ulteriores procedimientos que no sean incompatibles con esta opinión.*

---

([5]) Como es bien sabido en Puerto Rico el acusado debe solicitar, mediante moción antes del juicio en la causa criminal, la devolución de la evidencia ilegalmente obtenida. *Pueblo* v. *Capriles,* 58 D.P.R. 548 (1941) y *Pueblo* v. *Figueroa,* 59 D.P.R. 918 (1942). También tiene ese derecho durante el juicio en las circunstancias que señalamos en *Pueblo* v. *Nieves,* 67 D.P.R. 305 (1947) y *Pueblo* v. *Barrios,* 72 D.P.R. 171 (1951).