## ROWAN v. UNITED STATES. *

(Circuit Court of Appeals, Seventh Circuit. October 4, 1921. Rehearing Denied November 14, 1921.)

No. 2958.

1. **Criminal law ☞351(3) —Evidence of flight not inadmissible, as too remote.**
   Where defendant was indicted on May 1st, arraigned on May 4th, and his trial set for June 8th, evidence that, some time before the date set for trial, he fled to Canada, was not inadmissible, as too remote from the time of his arrest and indictment to have any bearing on his guilt.

2. **Criminal law ☞351(3) —Evidence of flight admissible in prosecution for using mails to defraud.**
   The admissibility of evidence of flight is not limited to homicide cases, and such evidence was admissible in a prosecution for using the mails in aid of a fraudulent scheme, since its probative value is to indicate a consciousness of guilt.

3. **Criminal law ☞351(3) —Admissibility of evidence of flight not dependent on whether other evidence is direct or circumstantial.**
   Where the witness is eligible, his testimony not privileged, and the subject-matter not excluded by law, admissibility of evidence of flight, like other matters, depends on whether it has or lacks probative value in support or denial of an issue, and not on the fact that the other evidence may be direct, circumstantial, or mixed.

4. **Post office ☞35—Issue on trial for using mails to defraud is whether defendant thought he was making honest offer, which could only be judged by what he did.**
   On a trial for using the mails in aid of a scheme to defraud, by selling rabbits and guinea pigs at $5 a pair, and buying back their progeny from customers at $2.50 a pair, the issue for the jury to determine was whether

defendant believed he was making an honest business offer, though in fact incapable of performance, and this could only be judged by how he dealt with his customers, and what he did with the money received.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Charles H. Rowan was convicted of using the mails to defraud, and he brings error. Affirmed.

. Ray J. Cannon and A. W. Richter, both of Milwaukee, Wis., for plaintiff in error.

H. A. Sawyer and David A. Sondel, both of Milwaukee, Wis., for the United States.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error, defendant below, was convicted of using the mails to defraud.

Complaint is made of the following instruction and of the admission of the evidence therein mentioned:

"Evidence has been received tending to show that defendant fled the country after his arrest and shortly before the trial of the case. This evidence is by no means conclusive against defendant. It may be considered along with all the other evidence upon the question of defendant's guilt. Unexplained, it may be considered by you as some proof of defendant's guilt; but I warn you against the danger of indulging in speculative or conjectural inferences against defendant by reason of this fact. It should be considered in connection with all other testimony."

Defendant was indicted on May 1, 1920, and was arraigned on May 4. He pleaded not guilty, and was admitted to bail. Trial was set for June 8, 1920. When the case was called, defendant failed to appear. At his trial in December, 1920, the government proved that some time between May 4 and June 8 defendant fled to Canada; that Canada instituted deportation proceedings against him; that in resisting deportation defendant testified that he was a British subject, but later in the proceedings admitted that he was an American citizen; that he was deported; and that at the receiving end of the international line he fell into the hands of the marshal, who returned him to Milwaukee for trial. Defendant neither denied nor explained his flight.

If the evidence was admissible, the instruction was in our judgment correct and eminently fair.

That the ruling on admissibility was right is clearly settled, we believe, by Allen v. United States, 164 U. S. 492, 17 Sup. Ct. 154, 41 L. Ed. 528, and Bird v. United States, 187 U. S. 131, 23 Sup. Ct. 42, 47 L. Ed. 100, both homicide cases; but nevertheless we will state and answer defendant's contentions.

[1] 1. Defendant's flight was no part of the things done in the commission of the alleged offense, and his insistence is that it was too remote from the time of his indictment and arrest to have any bearing on his guilt. Elapsed time was much shorter than in the Bird Case; and circumstances of a flight go to weight rather than admissibility.

[2] 2. Counsel earnestly assert that "evidence of flight is permitted in homicide cases based on circumstantial evidence, but not in cases of

other crimes." In Betts v. United States, 132 Fed. 228, 65 C. C. A. 452 (1st C. C. A.), which was a prosecution for using the mails in aid of a fraudulent scheme, the alleged limitation was not observed. Flight's probative value is to indicate a consciousness of guilt. Can no defendant, except one accused of murder, have a consciousness of guilt?

[3] 3. That evidence of flight is never admissible "in cases where the proof of the crime consists of direct evidence" is the most persistent urge, and decisions and text-writers are cited in support, notably 8 R. C. L. 192, and Trapp v. New Mexico, 225 Fed. 968, 141 C. C. A. 28, (8th C. C. A.).

If every element of a crime is supported by direct evidence, then evidence of flight to escape arrest or avoid trial is not admissible? But if every element of a crime is supported only by circumstantial evidence, then evidence of flight is admissible? And this must inevitably be so, even if the circumstantial evidence case is stronger than the direct evidence case? If some elements of a crime are supported by direct evidence, and other elements only by circumstantial evidence, then evidence of flight is not admissible as to those elements supported by direct evidence, but is admissible as to those elements supported only by circumstantial evidence? If any element is shown by circumstantial evidence, then the government's case may be buttressed by other circumstances, including the circumstance of flight? But if any element is shown by direct evidence, then neither flight nor any other circumstance is admissible to buttress the government's case, although the defendant by going to trial is denying his guilt? If the government has direct evidence of the commission of a crime then there is an irrebuttable presumption that the defendant has no consciousness of guilt? But if the government has only circumstantial evidence, then the defendant may have a consciousness of guilt and evidence of flight is admissible as tending to prove it? Without further pursuing the consequences, we perceive no way to avoid the reduction to absurdity, except by holding that, the witness being eligible, and his testimony not being privileged, and the subject-matter not being excluded by law, admissibility of flight or of other matter depends on whether it has or lacks probative value in support or denial of an issue, and not on the fact that the other evidence in the case may be direct or circumstantial or mixed.

[4] But defendant is mistaken in his premise that the case against him was made by direct evidence. That defendant, acting as "the National Food and Fur Association," used the mails in distributing identified circular letters was not controverted. So the issue which the jury had to determine was what was in defendant's mind. Did he believe he was making an honest business offer, though it was one which in fact was incapable of performance? Was he, as well as those who dealt with him, deceived by his brilliant idea of selling rabbits and guinea pigs at $5 a pair, and buying back from his customers the progeny at $2.50 a pair in unending streams increasing at geometric ratio? What was in his mind could, of course, only be judged by how he dealt with his customers, and what he did with the incoming flood of money. And so in the Trapp or any other homicide case, in which self-defense

is the only controverted issue. When the identity of the deceased and the fact of his death at the hands of the defendant are agreed upon by both sides, the only inquiry remaining for the jury to solve is what was in the defendant's mind. He testifies that the situation immediately preceding the homicide led him to believe that, unless he instantly killed his opponent, he was in imminent danger of losing his own life. Does the government's evidence convince the jury beyond a reasonable doubt that the defendant had no such belief, but that, on the contrary, his mind was filled with a murderous intent? On that, the only issue being tried, what evidence, outside of confessions, could the government have but circumstantial?

The judgment is affirmed.