## GRACEFFO v. UNITED STATES.
### No. 4406.

Circuit Court of Appeals, Third Circuit.
Feb. 16, 1931.

Louis Lipschitz and Adrian Bonnelly, both of Philadelphia, Pa., for appellant.

Michael J. S. Stoney and Paul Freeman, Asst. U. S. Attys., both of Philadelphia, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court entered upon the verdict of a jury.

Graceffo, with eight other defendants, was convicted on the counts for unlawfully manufacturing liquor, for unlawfully possessing property designed and intended for the manufacture of intoxicating liquor, and for maintaining a nuisance.

The defendant says that the judgment should be reversed for two reasons. The first reason is that the evidence is insufficient to sustain the judgment. On November 2, 1928, about 7 o'clock in the morning, five prohibition agents went to a three-story concrete building, located at No. 1428 Mulberry street, Reading, Pa. A strong odor of alcohol was coming from the building. The agents looked through cracks in the building, and saw a number of large, five-gallon cans commonly used for transporting alcohol. They entered the building, and the men, including the defendant, Graceffo, scattered through the building. All of them were arrested by the agents.

There is no doubt that intoxicating liquor was being manufactured and a nuisance maintained on the premises, for in the building the agents found a ten thousand gallon still in full operation, many vats filled with mash in a varying state of fermentation, large quantities of mash, yeast, corn sugar, and many five-gallon cans filled with finished and fully manufactured alcohol. But who was guilty of violating the law is another question.

Of the men on the premises, four, Gallio, Levine, Di Palo, and Burg, were dressed in overalls which were smeared with syrup, sugar, and mash. There is no evidence that Graceffo was dressed in clothes indicating that he worked in the distillery. The only evidence against him was his mere presence on the premises at this particular time. No one ever saw him there before, and no incriminating evidence was found on him or in his possession. In explanation to the officers of how he happened to be there, Graceffo said that he came to Reading the night before and went to the distillery to see one of the other defendants. This testimony stands without contradiction or impeachment.

This evidence is insufficient to sustain the judgment. There must ordinarily be something more than the mere presence of a person at a distillery at a particular time to justify an inference of guilt. Mere suspicion and conjecture are not sufficient. Murphy v. United States (C. C. A.) 18 F.(2d) 509, 512. If any substantial evidence existed connecting Graceffo with the operation or ownership of this distillery, it is reasonable to infer that the prohibition agents would

have produced it. But none was produced, and we are left to suspicion only.

The evidence establishing the presence of Graceffo at the distillery when the prohibition agents arrived, in connection with his explanation of how he came to be there, is as consistent with innocence as with guilt. It has been held by a long line of decisions in substance that, unless there is substantial evidence of facts which exclude every other hypothesis than that of guilt, it is the duty of the trial judge to direct the jury to return a verdict for the accused, and, where all the evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment against the accused. Hart v. U. S., 84 F. 799 (C. C. A. 3); Vernon v. United States, 146 F. 121 (C. C. A. 8); Union Pacific Coal Co. v. United States, 173 F. 737 (C. C. A. 8); Tucker v. United States, 224 F. 833 (C. C. A. 6), certiorari denied 241 U. S. 668, 36 S. Ct. 552, 60 L. Ed. 1229; Wiener v. United States, 282 F. 799 (C. C. A. 3); Nosowitz v. United States, 282 F. 575, 578 (C. C. A. 2); Sullivan v. United States, 283 F. 865 (C. C. A. 8); Yusem v. United States, 8 F.(2d) 6 (C. C. A. 3); Siden v. United States, 9 F.(2d) 241 (C. C. A. 8); Ridenour v. United States, 14 F.(2d) 888 (C. C. A. 3); Van Gorder v. United States, 21 F.(2d) 939 (C. C. A. 8); Salinger v. United States, 23 F.(2d) 48, 52 (C. C. A. 8).

Accordingly, there was insufficient evidence to submit to the jury, and the learned trial judge should have directed a verdict for Graceffo.

It is unnecessary to discuss the second ground upon which the defendant relied.

The judgment is reversed.