## GIRGENTI v. UNITED STATES.

### MARCONI v. SAME.

### Nos. 5836, 5837.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1936.

Carl Kisselman, of Camden, N. J., for appellants.

Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., and John J. Quinn, U. S. Atty., of Red Bank, N. J.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are appeals from judgments of the District Court for the District of New

Jersey. The appellants were charged in four counts with violation of sections 281, 282, 304, and 307 of 26 U.S.C.A. (see 26 U.S.C.A. §§ 1162, 1163, 1182, 1185), namely, failure to give notice of the operation of a still, possession of an unregistered still, working in a distillery, and making and fermenting mash. The appellants were convicted of possession of an unregistered still and making and fermenting mash. They assign as error the refusal of the trial court to direct verdicts in their favor. The testimony was to the effect that the appellants were arrested when they drove into the farm where the still was found, and that they had in their possession a hydrometer, old clothes, some sandwiches, and a revolver. The hydrometer was of the type used in testing the specific gravity of liquids heavier than water and particularly mash or alcohol from mash. The possession of this instrument was unexplained. The appellants testified that they were on their way to solicit orders for a wholesale grocery concern, and that they lost their road and drove up the by-road to the premises in question.

The presence of the appellants at or near the premises where the still was in operation is not sufficient to sustain a conviction on counts charging them with possession of an unregistered still or the manufacture of mash, in the absence of any testimony that they were in charge of, or were doing work in connection with, the still. The possession of old clothes, sandwiches, and a revolver is as consistent with innocence of the offenses charged as with guilt. Graceffo v. United States (C.C.A.) 46 F.(2d) 852, and cases there cited. The unexplained possession of the hydrometer supports an inference that the appellants were concerned with testing liquor in some form, but was not in itself sufficient evidence to warrant the conclusion that they were connected with the operation of the still in question. To mention but a few of the possibilities, the appellants might have been purchasers of liquor, or sold liquor, or even had some connection with a still other than the one described in the indictment. The evidence produced fails to sustain the charges in the indictments. We think the learned trial court erred in refusing to direct verdicts for the appellants.

The judgments are reversed.