GRUNWALD et al. v. UNITED STATES.*

LUBITZKY v. SAME.

Nos. 6461, 6462.

Circuit Court of Appeals, Third Circuit.

Feb. 1, 1938.

*Writ of certiorari denied 58 S.Ct. —, 82 L.Ed. —.

Max Mehler and Frederic M. P. Pearse, both of Newark, N. J., for appellants.

John J. Quinn, of Red Bank, N. J., and Thorn Lord, of Trenton, N. J., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

These two cases grew out of the same transaction; they were tried together and the appeals have been argued as one. We will in consequence dispose of them in one opinion.

The case is that of an illicit still. The indictment rings the changes upon all phases of the offense of setting up such a still and operating it for the production of untaxed liquor in fraud of the revenue and in violation of the Revenue Statutes. There were nine counts in all, but the defendants were tried only on counts 2, 3, 5, and 6. These had reference to (2) having a set-up unregistered still; (3) engaging in the distillery business without giving the required notice to the taxing authori-

ties; (5) the distillation of taxable alcoholic liquors with intent to defraud the United States of the tax; and (6) making mash fit and intended for the distillation of taxable alcoholic liquors in an unauthorized building. There were ten defendants in all. A severance was allowed as to some. Others were apprehended with the appellants but escaped from custody and with some others not found were not tried nor present at the trial.

This case can be best approached from the standpoint of a very simple proposition. Every criminal case presents two questions. One is, Has an offense been committed? The second is, Did the defendants on trial commit it? There is no room for the first question. An elaborate distilling plant had been set up, constructed, and equipped to produce alcohol on a large scale and supplied with large quantities of the raw material of manufacture. In addition to this, a large volume of illicit untaxed· liquor had been produced and .was still on hand. Somebody was guilty of having brought this illicit distillery into existence and of operating it. The sole question thus became whether the defendants had a guilty hand in it. Counsel for appellants seem to make a distinction between an indictment which does or does not charge an offense against the law, and the sufficiency of the trial proofs to fasten the commission of it upon the defendants. The distinction is sound enough, but there is raised no real question of the indictment not charging the offenses outlined except with respect to counts 2 and 3, to which we will later refer.

The real point attempted to be made is that there was no convicting evidence introduced at the trial in support of the indictment. The possession and control and the operation of a distillery is by the statute made a vital element of the offense, and the person in such possession and control is made the offender.

It could not be seriously argued that the evidence would not with that degree of certainty which the law requires support the inference of guilty possession and control. The defendants were there and in possession, dominion, and control. It is true that the mere presence of a defendant at or near an illicit still will not in itself justify a conviction. Girgenti v. U. S., 3 Cir., 81 F.2d 741.

Here there was, however, much more than this. Without taking the time and space to set forth the evidence in detail, none, or very few, of the facts were in controversy. The defendants, as was their right, attempted to explain away all implications of criminality from these facts. They had been in daily charge at the plant for between four and five months. The explanation advanced by them of their presence and activities was that they were simple workmen who innocently supposed they were engaged in manufacturing a diabetes cure. It does not very clearly appear, but the fact that their activities went on behind closed doors was due to the circumstance that their product was manufactured under a secret formula and they did not wish to disclose trade secrets. The · circumstance that they gave false names and addresses when interrogated is given an explanation into which we need not take the space and time· to go. The fact that there were attempts to escape arrest, some of which were successful, is met by the very plain intimation that the parties who had escaped were perhaps and probably the real proprietors of the distillery, but the defendants were ignorant even of its existence.

Without discussing the evidence further, we content ourselves with the comment that we have carefully read it all and have reached the conclusion that the verdict has full support in it.

Counts 2 and 3 of the indictment, to which we promised to recur, charge offenses which were present and passed upon by this court in the case of Whitcombe v. U. S., 3 Cir., 90 F.2d 290.

An application for a certiorari was pending at the time of the argument. Counsel for appellant frankly conceded that the ruling there was decisive of the point here raised and that if a certiorari was denied the assignment might be considered as abandoned. Certiorari has since been denied.

This leaves in the case only the assignment of error relating to the reference to the conviction of Lubitzky of another offense. The defendant had not put his character in evidence. Whether the question directed to his commission of another offense was proper or improper, no objection was at the time interposed nor is it assigned for error. The trial judge very properly cautioned the jury to disregard the admission made except in so far as it bore upon the credibility of the defendant as a witness. This instruction was

not intended to be and was not prejudicial to the defendant.

There are many assignments of error directed to minor points. There are too many of them to permit of discussion within the limits of an opinion. We dismiss them with the comment that we have given them all careful consideration and find no reversible error in the record.

The assignments of error are overruled and the judgment of conviction appealed from affirmed.