## ICENHOUR v. UNITED STATES.

No. 13051.

United States Court of Appeals, Fifth Circuit.

March 20, 1951.

**664**

W. D. Lanier, Augusta, Ga., for appellant.

Wm. T. Morton, Asst. U. S. Atty., Augusta, Ga., J. Saxton Daniel, U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

Appellant, his two sons, and one Clint Morris were tried upon an indictment in five counts [1] charging them with violations of the Internal Revenue Code.

The evidence for the government all in, one of the sons was acquitted on the government's motion, defendant Morris offered character witnesses on his behalf, and the other defendants offered no testimony. The case was thereupon sent to the jury with the result that there was a verdict against appellant and one of his sons on all counts save count four, and against defendant Morris on count four alone.

■■■ Sentenced on the verdict against him, to serve three years, appellant is here assigning a single ground for reversal. This is that the evidence offered by the United States is insufficient to support the verdict. We cannot agree.

Three witnesses for the government positively identified appellant as present in the still yard and moving about the still doing some kind of work there. While they were unable to particularly designate the precise work he was doing, they were not shaken in their belief and testimony that he was moving about the still and, as they put it, working there. The time was three o'clock in the afternoon, and there was no evidence whatever that anything interfered with their seeing and identifying the appellant. They testified, too, that when the presence of the officers became known, appellant left the still in headlong flight.

The evidence standing thus, with these highly incriminating facts positively established against him by the government's evidence, appellant offered no testimony in explanation of, or excuse for, his presence at, and his flight from, the still in anywise consistent with his innocence. Indeed, he chose to rely on the presumption of innocence and his insistence made below, that, unexplained as they were, these facts were not sufficient to support a verdict of guilty. No complaint is made of the charge to the jury. Indeed the charge is not in the record and it must be presumed that it fully and fairly presents appellant's theories and defenses to the jury. The

---

1. Count 1. Having in his possession and custody, and under his control, an unregistered distillery, Sec. 2810 I.R.C., 26 U.S.C.A. § 2810;

Count 2. Carrying on the business of a distiller without giving the required bond, Sec. 2833, I.R.C., 26 U.S.C.A. § 2833;

Count 3. Carrying on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, Sec. 2833(a), I.R.C.;

Count 4. Working at said distillery whereupon the required sign "Registered Distillery" had not been posted, Sec. 2831, I. R. C., 26 U.S.C.A. § 2831;

Count 5. Possession of a quantity of non-tax-paid distilled spirits, Sec. 2803a, I.R.C., 26 U.S.C.A. § 2803(a).

record standing thus, we think it plain that appellant may not prevail.

■ The rule, that a defendant is not compelled to take the stand and that his failure to testify cannot be taken against him, the rule impliedly invoked here by appellant, will not help him. It does not mean, it never has meant, that, when facts positively established, as here, and standing unexplained, point unerringly to his guilty presence at, and participation in the control and operation of, a still, a defendant, by refraining from putting on testimony showing a lawful or innocent reason for his presence there, may escape the consequences of that pointing by claiming that his privilege not to testify personally extends to excusing him from offering testimony in explanation of the incriminating facts. Cf. Nounes v. U. S., 5 Cir., 4 F.2d 833, and Harding v. U. S., 4 Cir., 182 F.2d 524.

■ Appellant's argument that, because the jury acquitted him on count four, which charged him with working at a distillery, it necessarily repudiated the testimony of the officers that he was seen moving about the still yard and doing something at the still, will not at all do. Their verdict convicting him on the other four counts shows that they did not repudiate that testimony. Indeed the verdict shows rare discrimination in that, the officers being able to testify positively what work Morris was doing, the jury found Morris guilty of working at the still, and being unable to testify precisely what work appellant and his son were doing at the still, the jury attributed their guilty presence to ownership or possession, and they therefore found them guilty of possessing the still and the whiskey and carrying on the distilling business.

The court did not err in sending the case to the jury. As we declared in our former opinion,[2] appellant's conviction by the jury was no miscarriage of justice. On the contrary, it finds full support in the record, and the judgment based on it must be affirmed.

---

2. Icenhour v. U. S., 5 Cir., 184 F.2d 574.