Earl E. VICK

v.

UNITED STATES of America.

No. 14972.

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1954.

---

George B. Haley, Jr., Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Harvey H. Tysinger, Asst. U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

Earl E. Vick and two co-defendants, his brother and their nephew, were indicted in four counts: (1) for possessing and having custody and control of an unregistered still contrary to Section 2810 of the Internal Revenue Code, 26 U.S.C.A.; (2) for making and fermenting on premises other than an authorized distillery about 720 gallons of mash fit for distillation and production of distilled spirits contrary to Section 2834 of the Internal Revenue Code; (3) for possessing 15 gallons of distilled spirits in containers without internal revenue stamps contrary to Section 2803 of the Internal Revenue Code; (4) for working in a distillery for the production of spirituous liquors upon which no sign bearing the words "Registered Distillery" was placed or kept contrary to Section 2831 of the Internal Revenue Code. Earl E. Vick plead not guilty to all four counts. His two co-defendants plead guilty to Count 4 and not guilty to the other three counts. The jury found them all not guilty under Count 2, making and fermenting the mash, and they were all convicted under the other counts.

Earl E. Vick alone appeals. He complains of the denial of his motion for judgment of acquittal made at the close of the Government's case, and renewed at the close of all the evidence. See Rule 29, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The evidence introduced on behalf of the United States consisted of the testimony of the four revenue agents who participated in the raid on the illegal distillery. The only testimony of any of these officers tending to show the complicity of appellant in the crime or crimes charged was that appellant was seen sitting on the ground about ten or fifteen feet away

from the distillery at the time of the raid, and that he attempted to run away from the arresting officers.

On the other hand, these officers testified that this distillery had been under observation from time to time for a period of from a week to two weeks, and that none of the three defendants, including appellant, had been observed in the vicinity of the distillery until the time of the raid at which the arrests were made. The officers testified that two of the defendants were doing work in connection with the operation of the distillery, that Carter Richard was cutting wood on the hillside and that Floyd Vick was moving around the still, but there was no testimony that appellant was doing anything other than sitting on the ground in the vicinity of the distillery. The officers stated that still slop or mash was observed on the clothes of defendants Richard and Floyd Vick, and that defendant Floyd Vick had a change of clothing at the scene of the distillery, but they observed no sign of mash or any other product which goes into the making of whiskey on the person of the appellant. One of the officers testified that defendants, Richard and Floyd Vick, made statements after their arrests which tended to incriminate themselves, but there was no testimony that appellant made any statement.

One of the revenue agents testified that there was a regular trail leading into the woods where this distillery was located, and that this wooded area is good hunting country, and that people commonly hunt there. Another officer testified that a single barrel twelve-gauge shotgun was found lying on the ground near the distillery, that this was a type gun which might be used for hunting, and that this gun apparently belonged to the appellant since he was permitted to carry it away with him after the arrest.

The only evidence introduced by the defense was the testimony of defendant Carter Richard. Richard testified that he is the nephew of Floyd Vick and of the appellant, and that Floyd Vick and the appellant are brothers; that he was hired by a person whose name he refused to divulge on the morning of the day of the raid to work at the distillery, and that he expected to be paid a compensation of about $10.00 a day; that it was not either the appellant or Floyd Vick who hired him; that he, Richard, arrived at the scene of the distillery about 4 or 5 o'clock in the afternoon, about an hour or two before the raid, found no one else there, and began to cut wood to build a fire. He could not recall whether he or Floyd Vick had built the fire, but was positive that Earl Vick had not built it. He said that appellant had been at the scene of the distillery about 30 minutes when the revenue agents arrived, and that appellant had done nothing during that period except talk and have a drink. He assumed that the appellant was out hunting in the woods, since the appellant had a twelve-gauge single barrel shotgun with him, and these woods are a good place for hunting squirrels, birds, and rabbits.

This was the entire evidence with respect to the appellant's alleged complicity in the crimes charged.

The learned District Judge recognized that, "As to defendant Earl E. Vick, the only evidence tending to show his guilt was his presence at the still and his flight therefrom." The District Judge gave patient and careful consideration to this defendant's motion for judgment of acquittal and to his motion for new trial, and denied those motions in reliance on two cases, Icenhour v. United States, 5 Cir., 187 F.2d 663, and Barton v. United States, 4 Cir., 267 F. 174.[1]

In Icenhour v. United States, supra, 187 F.2d at page 664, this Court emphasized:

"Three witnesses for the government positively identified appellant as present in the still yard and mov-

[1] In part the learned District Judge said:
"In the opinion of this Court the evidence was sufficient because of ruling of the Fifth Circuit Court of Appeals

in the case of Icenhour v. United States, 187 F.2d 663, where the court pointed out that proof of presence at the still and flight was sufficient to support

ing about the still doing some kind of work there. While they were unable to particularly designate the precise work he was doing, they were not shaken in their belief and testimony that he was moving about the still and, as they put it, working there."

In Barton v. United States, supra, the facts included the following:

"When the illicit distillery was found by the officers, according to the testimony, it was ready for operation. No one was then there present, but the officers concealed themselves and laid in wait with the purpose of apprehending whoever came to operate it. In a short time, three persons (the plaintiffs in error and another person) came to the distillery, and, according to the officers, had a conversation among themselves as to whether the beer was ready to be run or distilled, and which tub of beer they would first run. The officers then rushed in and caught all three of the men."

On the other hand, in Girgenti v. United States, 3 Cir., 81 F.2d 741, 742, the Court said:

"The presence of the appellants at or near the premises where the still was in operation is not sufficient to sustain a conviction on counts charging them with possession of an unregistered still or the manufacture of mash, in the absence of any testimony that they were in charge of, or were doing work in connection with, the still. The possession of old clothes, sandwiches, and a revolver is as consistent with innocence of the offenses charged as with guilt. Graceffo v. United States, 3 Cir., 46 F.2d 852, and cases there cited. The unexplained possession of the hydrom-

eter supports an inference that the appellants were concerned with testing liquor in some form, but was not in itself sufficient evidence to warrant the conclusion that they were connected with the operation of the still in question. To mention but a few of the possibilities, the appellants might have been purchasers of liquor, or sold liquor, or even had some connection with a still other than the one described in the indictment. The evidence produced fails to sustain the charges in the indictments. We think the learned trial court erred in refusing to direct verdicts for the appellants."

In United States v. Mann, 7 Cir., 108 F.2d 354, convictions of conspiracy to violate the revenue laws and of unlawful possession of a still set up in violation of the revenue laws were upheld upon proof that the defendants were present near a large still in a hidden spot with a truck loaded with still accessories worth hundreds of dollars at about 3:00 or 3:30 A. M. on a Sunday. The Court said in part:

"The trial judge in our opinion properly left both defendants' guilt to the jury. Two cases which we have read with interest are Barton v. United States, 4 Cir., 267 F. 174; and Girgenti v. United States, 3 Cir., 81 F.2d 741. The former supports the Government's position. The defendant may well urge the reading of the latter case. The facts in a broad sense are not dissimilar to our case. Yet there are differences, and it is the differences in each case which determine which case should be taken from the jury." United States v. Mann, supra, 108 F.2d at page 358.

■ There can be no question that

---

charges of possession of an unregistered distillery, carrying on distillery business, and possession of nontax-paid spirits. In that case the jury expressly found one defendant not guilty of working (just as in the present case it appears Earl E. Vick was not working).

"Consistently with the above cited case

the Court of Appeals for the Fourth Circuit, in the case of Barton v. United States, 267 F. 174, ruled that proximity of the accused to the place of the crime, unlawful apparatus used, may raise inference of possession, it being a question for a jury whether this inference is sufficient to convict the defendant."

mere presence at or near an unregistered distillery, where others are working and the accused's presence is explained in a manner consistent with his innocence, is not sufficient to sustain a conviction under any of the counts of this indictment. Graceffo v. United States, 3 Cir., 46 F.2d 852, 853; United States v. De Vito, 2 Cir., 68 F.2d 837, 839; Girgenti v. United States, supra; Carroll v. United States, 5 Cir., 84 F.2d 567. On the other hand, flight of the accused is, of course, a circumstance tending to prove consciousness of guilt.[2] 2 Wigmore on Evidence, 3rd ed., Sec. 276; Annotation, 25 A.L.R. 886; Allen v. United States, 164 U.S. 492, 498, 17 S.Ct. 154, 41 L.Ed. 528; Stewart v. United States, 9 Cir., 211 F. 41, 45. The probative effect of flight depends on the conditions and the motives which prompted it. 23 C.J.S., Criminal Law, § 907, p. 147. The observations of Mr. Justice White in Hickory v. United States, 160 U.S. 408, 417, et seq., 16 S.Ct. 327, 40 L. Ed. 474, leave little to be said on this subject. Flight alone has been said to be ordinarily " 'of slight value, and of none whatever unless there are facts pointing to the motive which prompted it.' " People v. Reddy, 261 N.Y. 479, 185 N.E. 705, 707; People v. Fiorentino, 197 N.Y. 560, 91 N.E. 195, 198; see also Starr v. United States, 164 U.S. 627, 632, 17 S.Ct. 223, 41 L.Ed. 577; Rowan v. United States, 7 Cir., 277 F. 777, 778. As said in Alberty v. United States, 162 U.S. 499, 510, 16 S. Ct. 864, 868, 40 L.Ed 1051,

"While, undoubtedly, the flight of the accused is a circumstance proper to be laid before the jury, as having a tendency to prove his guilt, at the same time, as was observed in Ryan v. People, 79 N.Y. 593, 'there are so many reasons for such conduct consistent with innocence that it scarcely comes up to the standard of evidence tending to establish guilt, but this and similar evidence has been allowed upon the theory that the jury will give it such weight as it deserves, depending upon the surrounding circumstances.' "

In circumstantial evidence cases, this Court has said repeatedly that to sustain conviction the inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused but inconsistent with every reasonable hypothesis of his innocence. Kassin v. United States, 5 Cir., 87 F.2d 183, 184; Rent v. United States, 5 Cir., 209 F.2d 893, 899; McTyre v. United States, 5 Cir., 213 F.2d 65, 67. In such cases the test to be applied on motion for judgment of acquittal and on review of the denial of such motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, 232, 233; cf. Yoffe v. United States, 1 Cir., 153 F.2d 570, 572; Remmer v. United States, 9 Cir., 205 F.2d 277, 287. "The weight of circumstantial evidence is a question for the jury to determine; such evidence alone or in connection with other evidence may justify a conviction. Great care, however, must be exercised in drawing inferences from circumstances proved in criminal cases, and mere suspicions will not warrant a conviction." 20 Am. Jur., Evidence, Sec.1217, p. 1070. As said by Judge Prettyman in Curley v. United States, supra, "The task of the judge in such case is not easy, for the rule of reason is frequently difficult to apply, but we know of no way to avoid that difficulty." Was then the jury warranted in deducing from the evidence inferences which excluded every reasonable hypothesis but that of guilt?

We think not. Appellant was seen doing no work at the distillery; he

---

2. If presence at and flight from the still under the circumstances of this case were sufficient to show the accused's guilty connection with the still, the further question would have to be answered of which of the various separate offenses did they evidence guilt. See Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. That further question is not reached in this case.

had no mash or distillery products on his clothing; he had a shotgun and the woods were good hunting territory. His flight is some evidence against him, but, under the circumstances of this case, flight alone is weak evidence of guilt. Appellant may have fled because of a sense of guilt, or because he thought that his presence at the distillery was a suspicious circumstance which might lead to his indictment, or because he did not want either to disclose the guilt of his brother and his nephew, or to be punished for contempt for refusing to do so. One motive is about as likely as another. Appellant may be guilty, but his conviction cannot rest upon mere conjecture and suspicion. The evidence does not prove him guilty beyond a reasonable doubt and is not sufficient to warrant the jury in so concluding. The judgment is, therefore, reversed with directions to grant the appellant's motion for judgment of acquittal. See 28 U.S.C.A. § 2106; Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

Reversed with directions.