Thomas Elliott SPENCER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18649.

United States Court of Appeals Fifth Circuit.

Oct. 20, 1961.

Milton Harrison, Atlanta, Ga., for appellant.

Charles D. Read, Jr., U. S. Atty., Robert G. Hunt, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Thomas Elliott Spencer appeals from his conviction for unlawful possession of non-taxpaid liquor. His sole contention is that the trial judge gave improper jury instructions that vitiate the verdict against him. We overrule Spencer's objections for the reason that the allegedly erroneous portions of the instructions were not applicable to his case.

Spencer and two co-defendants were charged in Count Three of a three-count indictment with the possession of non-taxpaid liquor in violation of Section 5604(a) of the Internal Revenue liquor laws (26 U.S.C.A. § 5604(a)). Counts One and Two indicted defendants Bishop and Wall with the additional charges of unlawful possession of a still and the unlawful making and fermenting of approximately 735 gallons of mash fit for distillation of spirits. But Spencer was not indicted for these offenses. Each defendant pleaded not guilty to the count or counts with which he was charged. At the close of the evidence the appellant submitted a requested jury instruction which the trial judge refused to give.[1] The jury found all three defendants guilty as charged. Spencer alone appealed.

The portion of the charge attacked by the appellant reads as follows:

"Now when a person is on trial for possession of an unregistered distillery, or for making and fermenting mash, and the defendant is shown to have been at the site of the place at the time when the distilling apparatus is set up without having been registered, or where such mash fit for distillation or the production of distilled spirits was made or fermented, or was there possessed, such presence of the defendant shall be deemed sufficient evidence to authorize conviction unless the defendant explains such presence to the satisfaction of the jury.

"Now this does not mean that the presence of the defendant at the site and place at the time referred to requires the jury to convict the defendant if the defendant fails to explain his presence to the satisfaction of the jury, it simply means that a jury

may, if it sees fit, convict upon such evidence as it shall be deemed in law sufficient to authorize such a conviction, but does not require such a result."

Spencer asserts that these instructions are erroneous: mere presence is insufficient evidence to support a verdict that a defendant was in possession of non-taxpaid liquor. McClain v. United States, 5 Cir., 1955, 224 F.2d 522; Vick v. United States, 5 Cir., 1954, 216 F.2d 228. He contends that the charge in effect shifted the burden of proof from the Government to him, in that it required him to explain his presence at the distillery.

The fatal defect in Spencer's argument is that the portion of the jury charge under attack does not apply to the indictment against him. The challenged sentence deals specifically with cases "when a person is on trial for possession of an unregistered distillery, or for making and fermenting mash." These were the offenses charged against Bishop and Wall but not charged against Spencer. Just before giving the charge objected to by Spencer the judge instructed the jury as follows:

"Now in the first and third counts of the indictment the charge is that in the first count, that the defendants Bishop and Wall possessed a still or distilling apparatus, while in the third count all the defendants are charged with having possessed certain distilled spirits, nontaxpaid distilled spirits.

"Now possession, as used in the indictment here, means and denotes custody with a right of control, the right of dominion over the property. Now it does not necessarily mean ownership because a person may be in possession of property

1. The instructions requested read as follows:

"Thomas Elliott Spencer is indicted only for possession of non-tax-paid whiskey. That is all. To convict Spencer of this offense, it must appear beyond a reasonable doubt that Spencer had dominion and control over the whiskey. Mere knowledge by Spencer of the commission of the crime by another does not prove his guilt, nor does mere presence at the scene. Possession of the whiskey by Spencer must be proved by the prosecution by some showing of dominion and control." Brief for Appellant, pp. 2–3.

with the right to exercise control and dominion over it without ever having title to it, but his mere presence at, or his handling it physically, if he does not have control of it and the right to exclude others from controlling it and thus exercise dominion over it, then would not be such possession.

"A person who knowingly has direct physical control over a thing with the right to deal with it, and to exclude other persons from meddling with it, is then in possession of it within the meaning of the law, but a person who is a hired hand and merely handles property, but has no control or right to control it, is not in possession of it within the meaning of this law."

In substance these instructions correspond closely with the charge the appellant requested. We consider that the charge was a full and fair statement of the legal principles relevant to the indictment of Spencer.

The judgment is

Affirmed.