**Gerald Henry BATTLES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24743.**

United States Court of Appeals
Fifth Circuit.

Jan. 22, 1968.

William B. Alexander, Robert G. Johnston, Cleveland, Miss., for appellant.

H. M. Ray, U. S. Atty., E. Grady Jolly, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

WRIGHT, Circuit Judge:

Appellant was indicted and tried before a jury for a violation of the Dyer Act, 18 U.S.C. § 2312 (1964 ed.).[1] At the close of the Government's case, appellant's motion for judgment of acquittal based on alleged insufficiency of the Government's evidence was denied by the trial judge. Appellant offered no evidence and, after resting his case, unsuccessfully renewed his motion for judgment of acquittal. The jury returned a

verdict of guilty as charged. Appellant then filed a post-trial motion for judgment of acquittal or, in the alternative, a motion for new trial. After briefs were submitted by both parties, the trial judge, the Honorable Claude F. Clayton, issued an order and an opinion of the court, denying appellant's motions. On appeal appellant presents the identical arguments made below in support of his various motions.

Judge Clayton's opinion fairly and fully presents and analyzes the facts of the case and, with one exception, adequately treats the relevant legal principles. Consequently, we quote extensively from his opinion:

" * * * The proof is that the automobile was stolen after midnight in Memphis, Tennessee, and was found abandoned in Tate County, near Senatobia on the afternoon of that same day, December 5, 1965. Unquestionably a stolen vehicle was transported in interstate commerce.

"The essence of the wholly circumstantial evidence to convict the defendant of the foregoing will be stated.

"1) A person representing himself to be Gerald Henry Battles registered at a Holiday Inn in Memphis at about 8:50 P.M. on December 4, 1965, and was assigned to room 356.

"2) Comparison of the handwriting of the motel guest and a known exemplar of defendant's handwriting leaves no doubt that defendant was the person who registered, and thus was in Memphis at that time.

"3) Defendant was having marital difficulties and was separated from his wife who then was residing with her mother near Senatobia, Mississippi.

"4) At about 4:00 or 4:30 A.M., December 5, defendant drove up alone to the house where his wife was stay-

---

* Of the District of Columbia Circuit, sitting by designation.

1. 18 U.S.C. § 2312 provides:
"Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

ing in an automobile which was described as being dark colored and which appeared to have two antennas on its rear. When defendant was asked what he was driving he replied that he did not know. He attempted to see his wife without success and departed after a short time.

"5) Later that same day defendant returned to this home driving a commercial bakery truck.

"6) The stolen automobile was found wrecked with extensive damage thereto and abandoned on a rural road early that afternoon. It was a dark colored vehicle which had been equipped with two antennas on the rear, one of which had been broken off.

"7) A key for room 356 at the Holiday Inn into which defendant had registered the night before was found in this auto.

"8) A finger print lifted from the inside of this vehicle was identified as defendant's.[2]

"2. The officer who lifted this one print lifted several others. All lifted prints were from either a plastic box which was in the vehicle or from the rear view mirror. It could not be established which place defendant's print came from.

"The thrust of one of defendant's factual arguments is that since a total of six prints were lifted from the rear view mirror and a plastic box, with four (other than defendant's) being legible, then any one of the five or 'six' people could have transported the automobile from Memphis to Tate County. (The evidence is that there were 'more than one' set of prints.) As an exercise in possibilities defendant's hypothesis could be so, but it overlooks the fact that other items of proof apply only to defendant.

"Defendant also says that since a person who gave his name as Gerald Ferguson told the desk clerk at the aforementioned motel on the morning of December 5, that he had spent the night in room 356 and that he would check out about 3:00 P.M., and since

the whereabouts of this person at the critical times are not shown by any evidence, then this person could have transported the stolen vehicle. Again, as an exercise in possibilities this could be so, but again it overlooks the other items of evidence which cumulatively point the finger of guilt at the defendant. And, while these two points are categorized as possibilities they can not be classified as reasonable nor even remotely persuasive. Two small links do not make a chain but, the chain of at least eight links is complete as to the defendant.

\* \* \* \* \* \*

" \* \* \* In sum, [defendant] was put in the same area from which the car was stolen at about the time it was stolen; he was put in the same area where the stolen car was found at about the time when it was found, driving an automobile of the same general description. He was shown to have admitted in Tate County (where the car was found) that he didn't know what he was driving. It was shown that by noon on December 5 the defendant had changed from the car which he was driving earlier and was then driving a commercial bakery truck and the car in question was found wrecked and abandoned near where defendant was known to have been that morning. In this abandoned and wrecked vehicle defendant's fingerprint and the key to the motel room into which he was registered were found. Absent direct evidence, which is not required, it is difficult to envision stronger proof of guilt. \* \* "

On this analysis, Judge Clayton correctly concluded that the evidence supported the jury's verdict. One point, neither briefed nor argued by appellant, remains to be discussed. It is well established in this circuit that in a case in which the evidence relied upon to establish guilt is entirely circumstantial, the trial judge may not deny a motion for judgment of acquittal and send the case to the jury unless, taking the view most favorable to the Government, there is

sufficient evidence to support a verdict of guilty beyond a reasonable doubt.[2] This court has repeatedly articulated a standard to be used by the judge as a practical aid in arriving at his determination, that standard being whether the inferences reasonably to be drawn from the evidence are not only consistent with guilt, but inconsistent with every reasonable hypothesis of innocence.[3]

 In ruling on the motion for judgment of acquittal, Judge Clayton characterized the evidence in the case against appellant as "wholly circumstantial." But despite this court's frequent unwavering application of the above test to such motions in circumstantial cases, he did not in terms find that the evidence was inconsistent with every reasonable hypothesis of innocence. Nonetheless, Judge Clayton's opinion indicates, and our independent examination of the record confirms, that no reasonable hypothesis of innocence appears. In his motions to the trial court and in his brief and argument to this court, appellant relies primarily upon the existence of five unidentified fingerprints from the car and the unexplained Mr. Ferguson. However, Judge Clayton specifically considered this evidence and concluded that "while these two points are categorized as possibilities

they can not be classified as reasonable or even remotely persuasive." Thus the relevant standard—reasonable hypothesis of innocence—was at least implicitly, if not expressly, applied by the trial court.

Affirmed.

---

2. Curtis v. United States, 5 Cir., 297 F. 2d 639, 641, cert. denied, sub nom. Athens v. United States, 369 U.S. 838, 82 S.Ct. 867, 7 L.Ed.2d 842 (1962); Riggs v. United States, 5 Cir., 280 F.2d 949, 954 (1960); Lambert v. United States, 5 Cir., 261 F.2d 799, 801 (1958).

3. See, e. g., Panci v. United States, 5 Cir., 256 F.2d 308, 312 (1958); Vick v. United States, 5 Cir., 216 F.2d 228, 232 (1954). Considerable discussion has been given to the validity of this test in light of the Supreme Court's decision in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). In *Holland* the Court stated that in a case in which the evidence relied upon to establish guilt was entirely circumstantial, the trial court did not err in refusing to instruct the jury that the evidence "must be such as to exclude every reasonable hypothesis other than that of guilt." 348 U.S. at 139, 75 S.Ct. at 137. Indeed, the Court went further and noted

that where the jury is properly instructed on the standards of reasonable doubt, such a charge is superfluous and confusing and hence incorrect. However, *Holland* was concerned with the instructions given the jury, whereas the test articulated above to which this court adheres is designed solely for the judge to be used in passing upon the merits of a judgment of acquittal. Cuthbert v. United States, 5 Cir., 278 F.2d 220, 224–225 (1960). But see, contra, United States v. Aadal, 2 Cir., 368 F.2d 962, 964 (1966), cert. denied, 386 U.S. 970, 87 S.Ct. 1161, 18 L.Ed.2d 130 (1967); Kaplan v. United States, 9 Cir., 329 F.2d 561, 563 (1964); Dirring v. United States, 1 Cir., 328 F.2d 512, 515, cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964); United States v. Thomas, 6 Cir., 303 F.2d 561, 562–563 (1962); United States v. Nardiello, 3 Cir., 303 F.2d 876, 878 (1962); United States v. Hamrick, 4 Cir., 293 F.2d 468, 470 (1961).