Daniel William O'CONNELL and Ruben Palma, Appellants,

v.

UNITED STATES of America, Appellee.

No. 25424.

United States Court of Appeals Fifth Circuit.

Oct. 28, 1968.

Nelson Quinn, Abilene, Tex., for appellants.

Ted Butler, Asst. U. S. Atty., San Antonio, Tex., Ernest Morgan, U. S. Atty., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

This appeal is from judgments of conviction under 19 U.S.C.A. § 1461 (failure to present imported merchandise to customs officials) and 18 U.S.C.A. § 545.[1] The sole ground urged for reversal is insufficiency of evidence. We find this ground untenable and affirm.

■ Appellants contend first that the district court erred in denying their motions for acquittal. The standard of review of such motions in circumstantial evidence cases was stated in Vick v. United States, 5 Cir. 1954, 216 F.2d 228, and is still current in this Circuit:

"In circumstantial evidence cases, this Court has said repeatedly that to sustain conviction the inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused but inconsistent with every reasonable hypothesis of his innocence. * * * In such cases the test to be applied on motion for judgment of acquittal and on review of the denial of such motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude."

216 F.2d at 232. Cf. Battles v. United States, 5 Cir. 1968, 388 F.2d 799, 801; Bourg v. United States, 5 Cir. 1960, 286 F.2d 124. Applying this standard, we hold that the jury could properly resolve every reasonable hypothesis of innocence against appellants. The United States has introduced evidence sufficient to convince a jury that the undisputed possession of the contraband was a knowing possession.[2] Guevara v. United States, 5 Cir. 1957, 242 F.2d 745, 746–747; Curtis v. United States, 5 Cir. 1961, 297 F.2d 639, 641. The district court, therefore, correctly applied the *Vick* standard in denying the motions for acquittal.

■ Appellants also contend that the district court erroneously denied their

---

1. (In pertinent part) " * * * Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law * * * Shall be fined not more than $10,000 or imprisoned not more than five years, or both. *Proof of defendant's possession* of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section."

2. Appellants were close friends and discussed their proposed testimony before and during the trial. Appellants admitted driving long distances over rough roads in a ten-year-old car while eighty glass bottles were stashed beneath the front seat. (However, they denied that they heard any rattling.) Appellants had *no apparent alternative purpose for the trip* other than to see O'Connell's "girl friend." Just before all three passengers left Acuna, the two appellants left Melendez (a co-passenger in the car) at a bar while they allegedly took the car to have a tire fixed.

motions for new trials. Taking the view of the evidence most favorable to the United States, there is substantial evidence in the record to support the jury's verdict. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; *Curtis*, supra. We cannot hold that the district court abused its discretion in denying the motions for new trial. The judgments are affirmed.