Willie JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26236.

United States Court of Appeals
Fifth Circuit.

March 18, 1969.

---

Willie Johnson, pro se.

Edward F. Boardman, U. S. Atty., Richard A. Hirsch, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and to notify the parties in writing of this Court's action.[1]

This *pro se* appeal is from a judgment of conviction under 18 U.S.C. § 2314 for transporting in interstate commerce six stolen and forged American Express money orders. Willie Johnson urges, as the sole ground for reversal, that the circumstantial evidence against him was insufficient to support his conviction. We affirm the conviction.

Willie Johnson contends that the district court erred in denying his motion for acquittal. The standard used in this Circuit to review the sufficiency of the evidence to support a conviction based on circumstantial evidence is the "reasonable hypothesis rule": A conviction based on circumstantial evidence should be affirmed only if this Court should conclude that the *jury* could reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. The distinction between circumstantial and testimonial evidence has often been criticized,[2] but the reasonable hypothesis rule is too firmly entrenched in the Fifth Circuit for this panel to tinker with it. See Thurmond v. United States, 5 Cir. 1967, 377 F.2d 448, 450–451; Strauss v. United States, 5 Cir. 1963, 311 F.2d 926; Clark v. United States, 5 Cir. 1961, 293 F.2d 445; Riggs v. United States, 5 Cir. 1960, 280 F.2d 949; Cuthbert v. United States, 5 Cir. 1960, 278 F.2d 220; Vick v. United States, 5 Cir. 1954, 216 F.2d 228; Orfield, Criminal Procedure Under the Federal Rules § 26:446 (1966).

On the record, which we have read, we hold that the jury could reasonably conclude that the evidence was inconsistent with every reasonable hypothesis but that of the guilt of the accused. Accordingly, we find no error in the district court's denial of Willie Johnson's motion for acquittal.

Johnson also contends that the district court erred in denying his motion for a new trial. Viewing the evidence of the United States in the most favorable light, there is substantial evidence in the record to support the jury's verdict. O'Connel v. United States, 5 Cir. 1968, 402 F.2d 760 [October 28, 1968]. The district court did not abuse its discretion in denying the motion for a new trial. The judgment is affirmed.

1. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158 [January 2, 1969].

2. See Wigmore, Evidence § 26 (3d ed. 1940). See the cases cited in Orfield, Criminal Procedure Under the Federal Rules, § 26:444, n. 3.