**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donnie Ray JEFFORDS, Charles Ray Kelly, Henry V. Little and Berry H. Newman, Defendants-Appellants.**

**No. 73-2535.**

United States Court of Appeals, Fifth Circuit.

March 18, 1974.
Rehearing Denied April 18, 1974.

William C. Calhoun, Augusta, Ga., George M. Stuckey, Jr., Bishopville, S. C., for defendants-appellants.

R. Jackson B. Smith, Jr., U. S. Atty., B. C. Baxter, Jr., Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before GOLDBERG and AINSWORTH, Circuit Judges and LYNNE, District Judge.

AINSWORTH, Circuit Judge:

Appellants were convicted of violation of 18 U.S.C. § 371, conspiracy to violate Internal Revenue liquor laws (26 U.S.C. §§ 5179(a), 5180, 5601(a), 5681(c), 7206(4)). We reverse the conviction of appellant Newman; the other convictions are affirmed.

Newman moved for a judgment of acquittal at the close of the Government's case and again after the verdict, which motions were denied. The extent of the evidence against Newman on which the Government relies is the trial testimony of Chief Investigator Perier, who saw Newman only once during the entire period of the investigation. He observed Newman, at nightfall, from a distance of 50 to 75 yards, peer into the back of a truck. Perier's pertinent testimony is as follows:

Q. All right, now. The only thing you said you saw Mr. Newman do was he looked in the truck, is that correct?

A. That's correct. That's the only thing I saw him do at the truck.

.    .    .    .    .    .

Q. And you saw him—during this entire investigation, you saw him one time, and then you saw him look at some jugs but you don't know what those jugs contained, is that correct?

A. I don't personally know what the jugs contained, no, sir.

There was also evidence that Newman was present when Kelly bought a truck which was later seized because it contained nontaxpaid liquor. On the occasion when Newman was observed peering into the truck, he had driven another truck to that location, behind which a stash of illegal whiskey was located. None of the other agents involved in the investigation ever saw Newman.

In response to Newman's motion for acquittal at the close of the Government's case, the Government stated that it felt that sufficient evidence had been presented to entitle the jury to consider whether, as a matter of fact, Newman was a part of the conspiracy. The following ensued:

THE COURT: Well, its pretty weak.

MR. BAXTER [prosecutor]: It's not the strongest case in the world. I agree.

THE COURT: Well, I'll tell you, Mr. Calhoun [defense counsel], I don't think it's a very strong case against him, these two incidences, and then perhaps the fact he took the title without ever actually having it signed over to him, as far· as the evidence shows, but I am going to go—overrule the motion, but you, in the event the Jury finds against him, you reurge your motion at that time.

■ The test in a criminal case to determine whether there is sufficient evidence to submit the case to the jury is:

On a motion for judgment of acquittal, the test is whether, taking the view most favorable to the Government, a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. Sanders v. United States, 5 Cir., 1969, 416 F.2d 194, 196; Jones v. United States, 5 Cir., 1968, 391 F.2d 273, 274; Weaver v. United States, 5 Cir., 1967, 374 F. 2d 878, 881.

United States v. Warner, 5 Cir., 1971. 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). *See also* Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); United States v. Stephenson, 5 Cir., 1973, 474 F.2d 1353. We find that as a matter of law the evidence against Newman was insufficient to submit the case to the jury.[1] Therefore, denial of the motion for judgment of acquittal

1. *Cf.* Vick v. United States, 5 Cir., 1954, 216 F.2d 228, 233, another liquor laws case: "Appellant may be guilty, but his conviction cannot rest upon mere conjecture and suspicion. The evidence does not prove him guilty beyond a reasonable doubt and is not sufficient to warrant the jury in so concluding."

was error, and Newman's conviction is reversed.

We have considered the other issues raised, admissibility of fingerprint evidence, establishment of chain of custody of fingerprint evidence, and sufficiency of the evidence of guilt as to the other appellants, and find them to be without merit.  It was not error to admit Kelly's fingerprints found on a brake fluid can in a truck seized at the illegal distillery.  The trial testimony of Special Agents who took Kelly's latent fingerprints on other objects established that the prints were in their custody until they were sent to and received by laboratory expert Ruth, who testified that he received the prints and used them to make comparison with the defendant's known prints.  There was ample evidence of Jeffords', Kelly's, and Little's involvement in the conspiracy: Jeffords was observed working at the still; Kelly and Little were observed transporting illegal liquor.  Their convictions are affirmed.

Reversed as to appellant Newman; affirmed as to appellants Jeffords, Kelly, and Little.