# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAMERON JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CR-90-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Cameron Jones was convicted in a bench trial of armed robbery, two counts of carjacking, two counts of use of a firearm during a crime of violence, and armed bank robbery. He was sentenced to a total term of 504 months of imprisonment to be followed by a five-year term of supervised release, as well as restitution in the amount of $1,584 and a special assessment totaling $600.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60293

Jones argues that the district court erred in determining that he was competent to stand trial. "A defendant is considered legally competent if he has 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and 2) a rational as well as a factual understanding of the proceedings against him." *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). Although the factual finding that a defendant does or does not suffer from an incapacitating mental illness is reviewed for clear error, we "take[] a 'hard look' at the ultimate competency finding." *Id*.

Here, the district court, in the person of District Judge Sharion Aycock, heard opinions as to Jones's competency from two experts who testified at a competency proceeding, Dr. Pyant and Dr. Macvaugh. Dr. Pyant's opinion that Jones was competent to stand trial was based on an evaluation of Jones conducted at a Federal Medical Center over a four-month period. As the factfinder, the district judge was not required to accept the contrary opinion as to competency expressed by Jones's expert witness. *See Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 894 (5th Cir. 1991). In view of the conflicting expert testimony, we cannot conclude that the district court's competency determination was erroneous. *See United States v. Fratus*, 530 F.2d 644, 647 (5th Cir. 1976). Further, the district court appropriately took into account its own observations of Jones in determining that he was competent to stand trial. *See United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011).

To the extent that Jones contends that Judge Aycock, to whom the case was assigned following the death of District Judge Allen Pepper, abused her discretion by failing to give consideration to the prior determination as to his competency reached by Judge Pepper, such an argument fails. "The general rule is that when a district judge has rendered an order or judgment and the

case is then transferred to the calendar of another judge, the successor judge should not overrule the earlier order or judgment." *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837 (5th Cir. 1982). However, this is not an absolute rule, and it is "heavily accented by the principle of comity." *Id.* "As such, it should give way, if the need should arise, to the interests of justice and economy when those interests conflict with rigid adherence to the rule. The successor judge has the same discretion as the first judge to reconsider the order." *Id.* at 837-38. "[D]eference should be given to the discretion of the successor judge." *Id.* at 838.

In assessing Jones's competency, Judge Aycock considered evidence that was not presented to Judge Pepper when he determined that Jones was not competent to stand trial, including the opinion of Dr. Pyant and the testimony of Jones himself. Under the circumstances, and considering the deference due the successor judge, Judge Aycock did not abuse her discretion in reconsidering the previous order as to Jones's competency. *See id.* at 837-38.

Jones contends that the district court erred in rejecting his insanity defense. He asserts that the evidence adduced at trial showed that he suffered from a mental illness that rendered him unable to appreciate the nature and quality or the wrongfulness of his acts, as shown by his bizarre behavior at the time the crimes were committed.

A defendant has "an affirmative defense to a prosecution under any Federal statute [if], at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a). However, "[m]ental disease or defect does not otherwise constitute a defense." *Id.* § 17(a). The defendant has the burden to prove the insanity defense, and he must do so by clear and convincing evidence. *Id.* §

17(b).  We view the evidence in the light most favorable to the Government as it prevailed in the district court.  *See United States v. Barton*, 992 F.2d 66, 69 n.6 (5th Cir. 1993).

The district court's determination that Jones knew and appreciated the wrongful nature of his acts is supported by the evidence adduced at trial. Various witnesses testified that Jones fled from the scene of his offenses, and we have recognized that flight by the accused is "a circumstance tending to prove consciousness of guilt." *Vick v. United States*, 216 F.2d 228, 232 (5th Cir. 1954).  Further, facts stipulated by the parties concerning execution of a search warrant indicated that Jones concealed evidence of his offenses, and "a person's attempt to hide his commission of a crime suggests that the person knows the action is wrongful or illegal." *Barton*, 992 F.2d at 68.  In view of the foregoing, the district court did not err in rejecting Jones's insanity defense.

We decline to address Jones's claim that his trial counsel was ineffective in his presentation of an insanity defense, as the claim was not raised in the district court and the record is not sufficiently developed to permit us to consider the claim.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014); *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).  Our decision in this regard does not prejudice Jones's ability to raise ineffective assistance claims in a 28 U.S.C. § 2255 proceeding.  *See United States v. Foy*, 28 F.3d 464, 476 (5th Cir. 1994).

AFFIRMED.